UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>ANSYS, Inc.</u>,
    Plaintiff

    v.                                            Civil No. 09-cv-284-SM
                                                    Opinion No. 2010 DNH 056
<u>Computational Dynamics North America,</u>
<u>Limited, d/b/a CD-adapco, and</u>
<u>Doru A. Caraeni, Ph.D.</u>,
    Defendants

**O R D E R**

ANSYS, Inc. brings this action against Computational Dynamics North America, Limited ("CDNA") and Doru Caraeni, seeking damages for breach of contract, intentional interference with contractual relations, and misappropriation of trade secrets. Pending before the court is ANSYS's motion for a protective order. Subject to the conditions set forth below, that motion is granted.

**Discussion**

The parties agree that because each side is likely to disclose trade secrets and other highly confidential material during the course of discovery, a protective order is appropriate. They also agree to nearly all of the substantive terms of that protective order. The sole point of dispute is whether Dr. Wayne Smith, the General Manager of CDNA, should be

allowed access to ANSYS's "highly confidential" materials (a phrase specifically defined in the protective order).

On one hand, CDNA says that because Smith - a former employee of ANSYS - actually wrote much of ANSYS's confidential computer code, there is little he can learn during the course of discovery that he does not already know. Additionally, CDNA persuasively argues that Smith is, perhaps, the most well-qualified expert in the world to assist CDNA's counsel in defending this litigation, since Smith is intimately familiar with the computer software of both ANSYS and CDNA - software that apparently involves on the order of 2.5 million lines of code in each product. And, if Smith were disqualified from acting as CDNA's expert, CDNA would be required to incur substantial additional expense to retain a different expert - one unlikely to be as well-qualified as Smith.

On the other hand, ANSYS points out that there is a risk that if Smith were given access to materials disclosed in discovery, he could learn trade secrets that ANSYS developed after Smith left the company. Then, even if only subconsciously, he might incorporate those secrets into CDNA's computer code. That, says ANSYS, would undermine the very reason it brought this litigation in the first place: to recover damages for prior

(alleged) theft of its trade secrets and to dissuade CDNA from engaging in similar conduct in the future.

The issues identified by the parties are difficult ones and there is no easy solution that will accommodate the parties' conflicting interests.  Yet, there is a means by which to minimize the risks with which ANSYS says it is concerned: staged discovery.[1]

Discovery in this matter shall proceed as follows.  Subject to the terms of the protective order submitted by ANSYS, ANSYS shall conduct its discovery.  At the conclusion of that discovery its expert shall prepare his or her report and provide it to CDNA.  If ANSYS believes there is a good faith basis to continue to pursue its claims against CDNA and Caraeni, it shall so notify CDNA and defendants will then conduct their discovery.  At that point, ANSYS will be presented with a choice: (a) allow Dr. Smith to have access to its highly confidential material, subject to the terms and conditions of the protective order, as

---

[1]   The court is aware that pending (though not yet ripe for ruling) is ANSYS's motion to voluntarily dismiss its claims against CDNA - some with prejudice and one without prejudice. Depending on how the court rules on that motion, some or perhaps even all of the current disputes about Smith's access to ANSYS's highly confidential materials will likely be resolved. Nevertheless, the court is persuaded that staged discovery in this case is, and will likely remain, appropriate.

appropriately revised; or (b) reimburse CDNA for reasonable expenses associated with CDNA's retention of an expert (of CDNA's choosing) in the relevant field.

## Conclusion

ANSYS makes legitimate and, at least in the abstract, persuasive arguments that Dr. Smith should not be allowed access to its most secret programming practices. Yet, this case is somewhat atypical, given the fact that Smith wrote much of the code currently utilized by ANSYS. Consequently, allowing him access to ANSYS's code is not, as ANSYS seems to suggest, analogous to providing a fox with free reign in the henhouse. Under the somewhat peculiar circumstances presented in this case, the risk of harm to ANSYS, it would seem, is minimal.

But, crediting ANSYS's expressed concerns as legitimate, staged discovery would seem a reasonable solution. Should ANSYS's expert conclude that its claims against CDNA and/or Caraeni lack merit, ANSYS can bow out gracefully. If, on the other hand, ANSYS believes it has a good faith basis to pursue those claims, it can then decide how it wishes to proceed with regard to CDNA's discovery and Smith's access to its highly confidential information.

4

ANSYS's motion for protective order (document no. 39) is granted and the proposed order it submitted (document no. 39-1) shall be entered as a standing order in this case (subject, of course, to subsequent modification, if appropriate). The parties shall, within 14 days of the date of this order, submit a revised discovery plan, incorporating the staged discovery outlined in this order. <u>See generally</u> Fed. R. Civ. P. 26(f).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 2, 2010

cc:  Shelli L. Calland, Esq.
   Elizabeth K. Rattigan, Esq.
   Michael A. Schlanger, Esq.
   Cameron G. Shilling, Esq.
   Cathryn E. Vaughn, Esq.
   Geoffrey J. Vitt, Esq.