UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

ANSYS, Inc.,
     Plaintiff

   v.                                         Civil No. 09-cv-284-SM

Computational Dynamics
North America Limited
d/b/a CD-adapco; and
Doru A. Caraeni, Ph.D.,
     Defendants

**O R D E R**

A status conference was held on July 29, 2010, to discuss continuing difficulties between the parties in moving discovery along in a reasonable fashion.  Central to plaintiff's case is its assertion that Dr. Doru Caraeni, and through him, CDNA, misappropriated its trade secrets.  Defendants were to provide discovery related to Dr. Caraeni's work for CDNA and plaintiff was to expertly analyze that material to determine whether, in good faith, a misappropriation claim should continue to be pursued.  Presumably, plaintiff has in mind specific trade secrets it thinks have been misappropriated, as well as some reason to believe they were misappropriated, and a qualified expert should be able to discern from Dr. Caraeni's work whether a specific misappropriation claim is plausible.

In opposing a motion for reconsideration of an earlier order — a motion filed by defendants — plaintiff wrote, "the only materials that ANSYS is seeking — and the only materials that Defendants have said they will actually produce — are work product created by Caraeni . . . since he started working for [CDNA]." In fact, that is the limit of discovery contemplated by the court at this time. Yet, plaintiff now seeks substantially more extensive discovery than conceded by its own statement.

The court is not inclined to hold regular discovery hearings at which every conceivable construction of language supporting or precluding disclosure must be refereed. Accordingly, the following orders are entered:

1. Discovery related to any claim other than the misappropriation of trade secrets claim is stayed until further order of the court.

2. Defendants will produce, on a rolling basis and by August 30, 2010, all work product created by Dr. Caraeni, including (for example) limited, spliced sections of code that Caraeni has developed for CDNA since he started working there. Defendants will also produce summary descriptions of the projects (i.e., work-focused activity) Dr. Caraeni worked on in a manner sufficient to permit an ANSYS expert to fairly evaluate Dr. Caraeni's work product relative to ANSYS' trade secrets claim.

3. Plaintiff will advise defendants no later than October 29, 2010, whether it will pursue or drop the misappropriation of trade secrets claim.

4. Plaintiff will disclose its expert(s) and expert(s) written reports no later than November 30, 2010.

5.  The parties are expected to cooperate and act reasonably and in good faith. The point here is straightforward — CDNA should err on the side of disclosure and provide ANSYS with a full and fair opportunity to satisfy itself, as CDNA claims, that CDNA's software is not amenable to improvement using ANSYS trade secrets and that Dr. Caraeni neither divulged nor used any ANSYS trade secrets in his work for CDNA. There should be no further need for litigation with respect to the current discovery obligations.

6.  A further pretrial status conference will be held on November 16, 2010, at 10:30 a.m.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 4, 2010

cc: Cameron G. Shilling, Esq.
    Cathryn E. Vaughn, Esq.
    Elizabeth K. Rattigan, Esq.
    Geoffrey J. Vitt, Esq.
    Michael A. Schlanger, Esq.
    Shelli L. Calland, Esq.